JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

CHINHAYI J. COLEMAN (CABN 194542)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone:  (510) 637-3924
   Facsimile:   (510) 637-3724
   E-Mail:       chinhayi.j.coleman@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN V. JOHNSON,<br><br>    Defendant. | No.  CR 07-00489 SBA<br><br>U.S. SENTENCING MEMORANDUM<br><br>Date:  June 3, 2008<br>Time:  10:00 a.m.<br>Judge: Honorable Saundra Brown Armstrong |

U.S. SENTENCING MEMORANDUM
CR 07-00489 SBA

## I. INTRODUCTION

### A. Indictment

On July 26, 2007, a federal grand jury indicted defendant Carolyn Johnson ("the defendant") for theft of money of the United States in violation of 18 U.S.C. § 641, and aggravated identity theft in violation of 18 U.S.C. § 1028A. The defendant's mother died on January 2, 1998. At the time of her mother's death, her mother was receiving a monthly pension payment as a retired United States Postal Service employee. The indictment arose out of Defendant's conduct from September 2001 to September 2006, during which she stole and converted her mother's monthly pension payments to her own use, by fraudulently endorsing her mother's name on the back of the mother's monthly pension checks, using her mother's social security number, and cashing her mother's checks.

### B. Defendant's Guilty Plea

On February 19, 2008, the defendant pled guilty to Count One of the captioned indictment charging her with theft of money of the United States in violation of 18 U.S.C. § 641. The defendant and the government entered into a plea agreement pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

In Paragraph 2 of the plea agreement, the defendant admitted that, she stole and converted her mother's monthly pension payments to her own use, by fraudulently endorsing her mother's name on the back of her mother's monthly pension checks, using her mother's social security number, and cashing her mother's checks. For the purposes of relevant conduct under the Sentencing Guidelines and for computing the amount of her restitution, she agreed that she is also responsible for converting to her own use, her mother's monthly pension payments following her death in January 1998 until September 2001. She further agreed that the total amount of funds belonging to the United States that she converted to her use during the period between January 1998 and September 2006 was approximately $150,000.

## II. SENTENCING GUIDELINES CALCULATIONS

The United States Probation Office ("USPO") has calculated Defendant's Total Offense Level as 13 and her Criminal History Category as II, with a resulting sentencing range of 15 to 21 months. (PSR, ¶ 70) The USPO notes that because the Guideline range falls within Zone D of the Sentencing Table, the minimum term must be satisfied by a term of imprisonment. (PSR, ¶ 70) The USPO recommends a sentence of 15 months imprisonment, 3 years of supervised release, $150,000 in restitution, and a $100 special assessment. The United States agrees.

Given the nature and circumstances of the offense, the need for the sentence to reflect the serousness of the crime, to promote respect for the law, provide just punishment, to afford adequate deterrence, and the need to avoid sentencing disparities, a sentence below the Guidelines is not appropriate.

## III. STATUTORY SENTENCING FACTORS

### A. The Sentencing Guidelines Post-*Booker*

Under the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220 (2005), this Court must analyze and consider the guideline factors before imposing sentences in federal criminal cases. *Booker*, 543 U.S. at 259 (noting that the Sentencing Reform Act "nonetheless requires judges to take account of the Guidelines together with other sentencing goals"); *see also United States v. Cantrell*, 433 F.3d 1296, 1279 (9th Cir. 2006)(noting that the "[c]ontinuing duty of district courts to consult the Guidelines is statutory"). This Court, having calculated the guideline range, should then look to the factors set forth by Congress in 18 U.S.C. § 3553(a) to determine a reasonable sentence for Defendant.

### B. Consideration of the 3553 Factors

Defendant's personal history and characteristics demonstrate the need for a sentence within the applicable Guideline range. The defendant's background includes forgery beyond the theft offense at issue in the present case. On August 7, 2004, the defendant was arrested by the Oakland Police Department after she attempted to cash a check stolen from a car jacking victim.

U.S. SENTENCING MEMORANDUM
CR 07-00489 SBA                                3

A car jacking victim had been robbed of items including checks. The defendant forged one of the car jacking victim's checks by writing the check as payable to her deceased mother, and cashing the check as her deceased mother at the Money Mart. (PSR ¶ 6) The defendant was convicted on August 13, 2004 for forging the check of the car jacking victim. (PSR, ¶ 32)

The nature and circumstances of the present offense demonstrate the need for a sentence within the Guideline range, because this is a serious offense where the defendant stole $150,000. A sentence outside of the Guideline range would not address the 3553 factors of the need to reflect the seriousness of the crime, to promote respect for the law, or to provide just punishment. A sentence outside of the Guidelines would also fail to avoid disparities in sentencing for theft of such a large amount of money.

**C.    Confinement in a Community Treatment Center Is Not Appropriate**

The defendant's Guideline range is within Zone D of the Sentencing Table. If the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment. U.S.S.G. §5C1.1(f). The minimum term must be satisfied by a sentence of imprisonment without the use of any imprisonment substitutes. U.S.S.G. §5C1.1 Application Note 8.

Detention at a community treatment center, where a defendant is not subject to te control of the Bureau of Prisons, is not "imprisonment" within the meaning of federal law. *See Reno v. Koray*, 515 U.S. 50, 59 (1995); *see also U.S. v. Sullivan*, 504 F.3d 969 (9th Cir. 2007). Based on the plain language and structure of the United States Sentencing Guidelines, confinement in a community treatment center is not "incarceration" or "imprisonment." *See United States v. Latimer*, 991 F.2d 1509 (9th Cir. 1993).

The Defendant relies upon Application Note 6, and requests confinement in a community treatment center. Defendant's interpretation of Application Note 6, however, would negate U.S.S.G. §5C1.1(f), which requires a sentence of imprisonment if the applicable guideline range is in Zone D of the Sentencing Table. *See U.S. v. Malley*, 307 F.3d 1032, 1034-1035 (9th Cir. 2002).

U.S. SENTENCING MEMORANDUM
CR 07-00489 SBA                                        4

Defendant's Total Offense Level is 13, her Criminal History Category is II, and her resulting sentencing range is 15 to 21 months, which falls within Zone D of the Sentencing Table. (PSR, ¶ 70) Consequently, the government requests that the defendant be committed to the custody of the Bureau of Prisons for a 15 month term of imprisonment..

### D.  Post- Arrest Rehabilitation Should Not Reduce the Sentence

Post-arrest drug rehabilitation provides no basis for a downward departure from the guideline sentencing range, or for commitment to a drug treatment program in lieu of the sentence required by the Guidelines. *U.S. v. Martin*, 938 F.2d 162 (9th Cir. 1991). The *Martin* Court reasoned that to permit such a departure may result in sentencing disparities among defendants with similar records who have been convicted of similar conduct. *Id.* at 164. In the present case, the government requests that the defendant not be granted a departure for drug rehabilitation.

## IV.  CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court, taking into consideration the Sentencing Guidelines and the sentencing factors set forth in Section 3553(a), sentence Defendant as recommended by the USPO, namely to 15 months imprisonment, 3 years of supervised release, $150,000 in restitution, and a $100 special assessment.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated:  May 27, 2008

_____/s/_____
CHINHAYI J. COLEMAN
Assistant United States Attorney